DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, following a sexual predator determination hearing, in which the trial court designated appellant, Brian Ewers, a sexual predator. On appeal, appellant sets forth the following as his sole assignment of error:
 {¶ 2} "Assignment of Error No. 1
 {¶ 3} "It was contrary to law and against the weight of the evidence for the trial court to find and order that appellant is a sexual predator."
 {¶ 4} The facts relevant to the issues raised on appeal are as follows. On August 28, 2003, Perkins Township Sergeant Todd Curtis saw appellant looking into the uncovered window of an apartment complex. When confronted by Curtis, appellant initially denied he was looking into the apartment window. However, after further questioning, appellant admitted he was watching a female through the window. Sergeant Curtis then located appellant's truck in an adjacent parking lot. During an inventory search of the truck, police found a video recorder and a videotape. On the videotape were recordings of a female changing her shirt, and two other recordings of couples having sex in a local motel. Appellant admitted to making the videotape; however, he said he could not remember when it was made.
 {¶ 5} During an interview with police, appellant admitted to "peeping" on numerous occasions over several years. Appellant stated he frequently makes video recordings when he is "peeping" so he can take the recordings home and view them for sexual gratification. Appellant consented to a police search of his residence. As a result of the search, police found more videotapes, including several containing commercially produced pornography. Police also found a woman's black purse, marijuana, drug paraphernalia, four handguns, and 9mm rifle in appellant's home.
 {¶ 6} Appellant admitted to stealing the black purse several years earlier. Appellant stated he saw the purse while he was "peeping," and it he took it after removing the screen from an open window and entering the victim's apartment.
 {¶ 7} Upon further investigation, police discovered appellant used a credit card from the black purse to make several purchases. They also ascertained one of the female victims of appellant's recorded "peeping" was 15 years old.
 {¶ 8} On October 8, 2003, appellant was indicted by the Erie County Grand Jury on one count of burglary, in violation of R.C. 2911.12(A)(2); one count of receiving stolen property, i.e., the black purse, in violation of R.C. 2913.51(A); one count of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(1); and one count of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1).
 {¶ 9} On June 14, 2004, pursuant to a plea bargain, appellant pled guilty to one count of burglary and one count of attempted pandering of obscenity involving a minor. The charges of illegal use of a minor in nudity oriented material and receiving stolen property were dismissed. The trial court ordered the preparation of a presentence investigation report and ordered appellant to submit to a psychiatric evaluation at the Court Diagnostic and Treatment Center ("CDTC").
 {¶ 10} On August 26, 2004, a sentencing hearing was held. The trial court accepted appellant's plea and found him guilty of one count of burglary in violation of R.C. 2911.12(A)(3), and one count of attempted pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(1) and R.C. 2923.02(A), both third degree felonies. Appellant was ordered to serve two concurrent three-year prison sentences.
 {¶ 11} On September 24, 2004, a sexual offender classification hearing was held. Testimony was presented at the hearing by Timothy Wynkoop, Ph.D., and Perkins Township Sergeant Todd Curtis.
 {¶ 12} Wynkoop testified he interviewed appellant at CDTC for approximately one and one-half hours. In addition to the interview, Wynkoop evaluated appellant using the Minnesota Multiphasic Personality Inventory assessment test (MMPI), a Shipley Institution of Living Scale to rule out mental and cognitive disorders, and a Static 99 sexual offender recidivism instrument. Wynkoop also testified he reviewed the record of appellant's arrest and appellant's statements to police.
 {¶ 13} Wynkoop stated that, during the interview, appellant admitted he frequently "peeped" on women, and he began taping women in the mid-1990s. Appellant stated his "peeping" behavior is cyclical, with periods of abstinence lasting up to two years before "pressure" builds up, causing him to resume his "compulsive-type behavior." Wynkoop further stated appellant was "more open than most" accused sexual offenders, which is positive sign, and appellant seemed "actually kind of happy [he] got caught."
 {¶ 14} As to the issue of recidivism, Wynkoop stated appellant was "highly likely to reoffend." Wynkoop based his opinion on the following facts: appellant's "peeping" is a "life-long issue"; at age 32, appellant is "relatively young"; and appellant scored a 5 out of 6 on the Static 99 test, indicating approximately a 40 percent chance appellant will reoffend in the next 15 years. Wynkoop also expressed concern that appellant entered one victim's home to take her purse, and then kept the purse for several years as a "trophy."
 {¶ 15} Wynkoop concluded the trial court should "seriously consider" classifying appellant a sexual predator, as opposed to a sexually oriented offender. Wynkoop further stated appellant has a "substantial risk of reoffending sexually into the foreseeable future." Wynkoop based his conclusion of appellant's multiple prior incidents of "peeping," or voyeurism; the compulsive nature of appellant's behavior; and his admission to prior substance abuse, including use of marijuana and alcohol. Wynkoop further stated it is "more likely than not" appellant will reoffend; however, the more restrictive classification of sexual predator could lessen the chance of recidivism by providing appellant with mandatory, life-long supervision.
 {¶ 16} On cross-examination, Wynkoop stated he would not change his opinion, even if voyeurism was not a sexually oriented offense. Wynkoop admitted some experts think the Static 99 test is less than 50 percent accurate; however, he maintained the test is a good predictor of appellant's future behavior, based on the "totality" of appellant's interview and test scores and Wynkoop's review of the record.
 {¶ 17} Wynkoop testified factors making it less likely appellant would reoffend included appellant's lack of prior convictions for sexually oriented offenses and appellant's expression of remorse. Wynkoop also testified appellant did not appear to have any mental disorders, other than the compulsive behavior that led to his arrest and, in Wynkoop's opinion, appellant is not a pedophile. In addition to his testimony, Wynkoop's written report, in which he recommended appellant be designated a sexual predator, was entered into evidence.
 {¶ 18} Sergeant Curtis testified he interviewed appellant after his initial arrest, and appellant admitted to voyeurism. Thereafter, the parties stipulated as to the admissibility of Curtis' written reports, and they were entered into evidence without further foundation testimony.
 {¶ 19} On November 22, 2004, the trial court filed a judgment entry in which it classified appellant as a sexual predator and a sexually oriented offender. The trial court stated, in making its determination, the court relied on Wynkoop's report and Wynkoop's and Curtis' testimony at the sexual predator classification hearing. Specifically, the trial court referenced Wynkoop's opinion that appellant "presents a high risk of recidivism," and the test results, which indicated appellant is at high risk to reoffend. The court further stated it "considered all the relevant factors under § 2950.09(B)(2) * * *." A timely notice of appeal was filed on December 3, 2004.
 {¶ 20} On appeal, appellant asserts the trial court erred by finding he is a sexual predator because he was convicted of only one sexually oriented offense. In support, appellant argues the trial court did not have sufficient evidence to find he is likely to commit other sexually oriented offenses in the future, because his admittedly voyeuristic "peeping" behavior is not a sexually oriented offense under Ohio law. Appellant further argues the trial court should not have relied on Wynkoop's testimony because the Static 99 test is not an accurate predictor of future behavior, and an analysis of the factors set forth in R.C. 2950.01(E) shows he is less, not more, likely to commit sexually oriented offenses in the future. Appellant's arguments are flawed, for the following reasons.
 {¶ 21} Pursuant to R.C. 2950.09(B)(4) and 2950.09(C)(2)(c), the trial court shall determine whether an offender is a sexual predator by "clear and convincing evidence." Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. See Merrick v. Ditzler (1915), 91 Ohio St. 256, 261.
 {¶ 22} In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held "the registration and notification provisions of R.C. Chapter 2950 serve the remedial purpose of protecting the public." Id. at 423. Accordingly, on appeal, the civil manifest weight standard of review applies, and this court will examine and uphold the finding of the trial court that an offender is a sexual predator if we find the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. See Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 23} As to appellant's first argument, Chapter 2907 of the Ohio Revised Code lists "sex offenses" defined by the Ohio Legislature. R.C.2907.08, titled "Voyeurism" states, in relevant part:
 {¶ 24} "(A) No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another, to spy or eavesdrop upon another.
 {¶ 25} "(B) No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to photograph the other person in a state of nudity.
 {¶ 26} "(C) No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to photograph the other person in a state of nudity if the other person is a minor. * * *"
 {¶ 27} In addition, R.C. 2950.01 defines a "sexually oriented offense" as:
 {¶ 28} "(D)(1)(b)(i) A violation of * * * section * * * 2907.08 of the Revised Code when the victim of the offense is under eighteen years of age;
 {¶ 29} "* * *
 {¶ 30} "(D)(1)(e) A violation of section * * * 2907.08 of the Revised Code when the victim of the offense is eighteen years of age or older * * *."
 {¶ 31} As set forth above, appellant admitted he engaged in voyeurism of adults and at least one fifteen year-old girl. Wynkoop testified appellant was apparently unaware any of his victims were under the age of 18. Wynkoop stated, in his opinion, appellant's inability to judge the age of his victims made it highly likely appellant would "peep" on underage victims, as well as adults, in the future. Finally, appellant admitted he obtained sexual gratification while viewing videotapes of his victims in his home.
 {¶ 32} Clearly, appellant's admitted behaviors fit the legal definition of voyeurism, as described in R.C. 2907.07(A), (B) and (C), and therefore also fits the statutory definition of a sexually oriented offense, as set forth in R.C. 2950.01(D)(1)(b)(i) and (e). Appellant's argument that voyeurism is not a sexually oriented offense is entirely without merit.
 {¶ 33} Appellant next challenges the trial court's reliance on Wynkoop's testimony by claiming the Static 99 test is not reliable. Appellant bolsters his argument by citing Wynkoop's cross-examination testimony, in which Wynkoop admitted "some experts" believe the Static 99 test produces inaccurate results. Appellant also asserts the Static 99 test result cannot be accurate in his case, because voyeurism is not a sexually oriented offense. Appellant's argument contains several flaws. First, Wynkoop actually testified that, while not infallible, the Static 99 test is a reliable instrument for predicting appellant's future sexually oriented behavior, in this case voyeurism, because it was used in conjunction with other evaluative tests and a review of appellant's criminal history, past substance abuse, and admitted compulsive "peeping." Second, as set forth above, voyeurism is a sexually oriented offense in Ohio.
 {¶ 34} In his remaining argument, appellant essentially asserts the trial court did not properly consider the factors set forth in R.C.2950.01(E). Specifically, appellant asserts he should not be designated a sexual predator because he was only convicted of one sexually oriented offense and most of the statutory factors indicate he is less likely to commit sexually oriented offenses in the future.
 {¶ 35} A sexual predator is statutorily defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In making such a determination, the trial court is to consider all relevant facts including, but not limited to, the following:
 {¶ 36} "(a) The offender's * * * age;
 {¶ 37} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including but not limited to, all sexual offenses;
 {¶ 38} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
 {¶ 39} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
 {¶ 40} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 41} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 42} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 43} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 44} "(i) whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed, * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 45} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C. 2950.09(B)(3).
 {¶ 46} Ohio courts have held, in cases where the evidence that a defendant is "likely to engage in the future in one or more sexually oriented offenses" relates only to the defendant's underlying conviction, such evidence is insufficient to support a finding that the defendant is a sexual predator. See State v. Ward (1999),130 Ohio App.3d 551, 561, citing State v. Hicks (1998),128 Ohio App.3d 647. (Emphasis added.). However, the trial court is not limited to considering only evidence in support of the underlying conviction. The statute directs the court to consider all relevantfactors in making its determination. The information may come from many sources, including reliable hearsay. Ward, supra, at 562, citing Statev. Cook, supra. Accordingly, a review of other parts of the record, when considered along with the underlying conviction for a sexually oriented offense, may be sufficient to substantiate a sexual predator determination. Id.; State v. Wortham, 6th Dist. No. L-01-1449, 2002-Ohio-3976, at ¶ 78. Finally, "[t]he trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2) [sic]. * * *. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case." State v. Boshko (2000), 139 Ohio App.3d 827, 840 (Other citations omitted.) (Emphasis added.).
 {¶ 47} In this case, the trial court stated it evaluated the evidence in light of the statutory factors listed in R.C. 2950.09(B)(3). The evidence included appellant's criminal conviction for one sexually oriented offense and for burglary. R.C. 2950.09(B)(3)(b). At least one of the victims of appellant's "peeping" was a minor. R.C. 2950.09(B)(3)(c). Multiple victims were involved. R.C. 2950.09(B)(3)(d).
 {¶ 48} As to any "additional behavioral characteristics" to be considered pursuant to R.C. 2950.09(B)(3)(j), Wynkoop testified appellant's "peeping" is a cyclical, compulsive voyeuristic behavior which appellant, a 32 year-old man, has engaged in for many years. Although Wynkoop testified he did not think appellant is a pedophile, he stated appellant did not attempt to distinguish whether or not his victims were adults. It is undisputed appellant admitted to videotaping his victims and later viewing the recordings for sexual gratification. In addition, appellant took a purse from one of his "peeping" victims and kept it for several years as a trophy. Relying on those factors, the trial court concluded appellant is a sexual predator.
 {¶ 49} On consideration of the foregoing, we find the record contains sufficient clear, convincing evidence to support the trial court's determination that appellant is a sexual predator. Appellant's sole assignment of error is not well-taken.
 {¶ 50} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J., Concur.