OPINION
{¶ 1} Defendant-appellant, Carlos A. Jackson, appeals from the January 18, 2005 judgment of the Franklin County Court of Common Pleas, in which that court sentenced appellant to an aggregate prison term of three years and found appellant to be a sexual predator.
 {¶ 2} The following facts are pertinent to this appeal. On May 28, 2004, the Franklin County Grand Jury indicted appellant on three counts of gross sexual imposition, felonies of the third degree, and one count of disseminating matter harmful to juveniles, a misdemeanor of the first degree. On December 2, 2004, following plea negotiations, appellant pled guilty to two fourth-degree felony counts of gross sexual imposition, and the state requested a nolle prosequi as to the remaining counts with which appellant had been charged.
 {¶ 3} On January 18, 2005, the court held a hearing for the dual purposes of sentencing and sexual offender classification. The parties stipulated to the admissibility of a pre-sentence investigation report ("PSI") that had been prepared by the court's probation department. Appellant objected to a probation officer's interpretation of part of the victim's statement regarding the offense, but stipulated to the PSI in all other respects. The parties jointly recommended that the court sentence appellant to a total term of imprisonment of 18 months. After hearing the arguments of counsel, the court classified appellant as a sexual predator. Finally, the court sentenced appellant to the maximum term of 18 months of imprisonment on each of the two counts to which he pled guilty, and ordered that the sentences be served consecutively.
 {¶ 4} Following journalization of the court's sentencing entry, appellant filed the instant appeal and presents the following three assignments of error for our review:
Assignment of Error No. 1: The trial court erred in imposing maximum, consecutive sentences on Appellant where the facts necessary to impose such sentences had neither been proven to a jury nor admitted by Appellant, thereby depriving Appellant of his right[s] to a jury trial and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
Assignment of Error No. 2: The trial court abused its discretion in imposing maximum, consecutive sentences on Appellant, as such sentences are contrary to law and are not supported by the record from the sentencing hearing.
Assignment of Error No. 3: The trial court's classification of Appellant as a sexual predator pursuant to R.C. 2950.01(E) is contrary to the evidence, and therefore the classification deprive [sic] Appellant of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 5} The facts set forth at the time of appellant's guilty plea, with no objection from appellant, are as follows. Appellant had been residing with his sister, Carla, for roughly one year, ever since he had been released from prison for another offense. On May 20, 2004, Carla was walking down the stairs in her residence when she heard loud noises coming from the living room. Carla looked into the living room and saw her seven-year-old daughter, Carolyn, pulling up her panties, which were down around the lower portion of her legs. Appellant, who was standing near Carolyn, told Carla that Carolyn had fallen down.
 {¶ 6} Carla gave Carolyn a fresh pair of panties to wear and sent her off to school. According to Carla, the panties that Carolyn had been wearing while in the living room with appellant smelled like grease. Later that day, Carla questioned Carolyn about the incident and saw that there was grease on Carolyn's legs. Carla asked Carolyn what happened, and Carolyn told her that appellant had put grease on his "private" and laid on top of her. Carolyn stated that nothing went inside of her. Carolyn told Carla that this had happened about 15 times in the past. Carolyn also told Carla about an incident in which appellant had shown Carolyn a pornographic movie.
 {¶ 7} Investigators later seized from appellant's bathroom his hair gel and a jar of grease. Chemical analysis revealed that a sample taken from Carolyn's panties matched the hair gel and the grease from appellant's bathroom.
 {¶ 8} We now turn to appellant's first assignment of error, in which he argues that the court's imposition of maximum, consecutive sentences violated appellant's Sixth Amendment right to a trial by jury and hisFourteenth Amendment right to due process of law.[1]
 {¶ 9} Appellant maintains that, pursuant to Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, rehearing denied (2004), 125 S.Ct. 21, 159 L.Ed.2d 851, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, the trial court could not itself make the factual findings upon which the court based the sentence of three years. He argues that, absent such findings being made by a jury or being admitted by him, the trial court was required to sentence him to no more than the statutory minimum of six months imprisonment for each count, and that the court was required to order that the sentences be served concurrently.
 {¶ 10} In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. A sentence that is greater than the statutory maximum and that is not based upon facts admitted by the defendant or found by a jury beyond a reasonable doubt, violates the defendant's right to a trial by jury as guaranteed by the Sixth Amendment to the United States Constitution. Id. at 476. See, also, Jones v. United States (1999), 526 U.S. 227,119 S.Ct. 1215, 143 L.Ed.2d 311.
 {¶ 11} In Blakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." Blakely, supra at 2537. (Emphasis sic.)
 {¶ 12} We reject appellant's Blakely-based argument, just as we have done in a recent line of cases beginning with State v. Abdul-Mumin,
Franklin App. No. 04AP-485, 2005-Ohio-522, discretionary appeal allowed,106 Ohio St.3d 1411, 2005-Ohio-3154, 830 N.E.2d 344. In that case, we held that:
Ohio's sentencing scheme does not encroach upon the traditional and constitutionally required role of the jury in finding those facts that fix the upper limit of a defendant's punishment for a particular offense. Rather, the upper limit, or in Blakely terms, the "statutory maximum" sentence to which one accused of a felony knows he will be exposed upon walking through the courtroom door, is established by statute. R.C. 2929.14(B) does not allow judge-made findings to enhance a defendant's punishment beyond the maximum sentence corresponding to the class of offense of which he is convicted or to which he pleads guilty. * * *
Id. at ¶ 12. See, also, State v. Sieng, 10th Dist. No. 04AP-556,2005-Ohio-1003, discretionary appeal allowed, 106 Ohio St.3d 1481;2005-Ohio-3978; 832 N.E.2d 735; State v. Cockroft, 10th Dist. No. 04AP-608, 2005-Ohio-748; State v. Smith, 10th Dist. No. 04AP-859,2005-Ohio-2560; State v. Satterwhite, 10th Dist. No. 04AP-964,2005-Ohio-2823, State v. Linville, 10th Dist. No. 04AP-917, 2005-Ohio-3150;State v. Imler, 10th Dist. No. 04AP-1246; State v. Fout, 10th Dist. No. 04AP-1139; State v. Sanchez, 10th Dist. No. 04AP-1320; State v. Houston,
10th Dist. No. 04AP-875; State v. Newcomb, 10th Dist. No. 04AP-1223;State v. Baker, 10th Dist. No. 05AP-177.
 {¶ 13} In the present case, appellant pled guilty to two counts of gross sexual imposition, both felonies of the fourth degree. The guilty plea authorized a sentence of six to 18 months of imprisonment on each count. R.C. 2929.14(A)(4). Thus, pursuant to Blakely, and Abdul-Mumin and its progeny, 18 months was the "statutory maximum" for Apprendi purposes as to each count. The trial court imposed a sentence of 18 months for each count, which is equal to, but does not exceed the 18-month "statutory maximum." Thus, the court's imposition of the non-minimum and maximum sentence as to each count does not run afoul of Blakely andApprendi, and did not violate his rights to a trial by jury and to due process of law.
 {¶ 14} The court's imposition of consecutive sentences likewise does not impinge upon appellant's constitutional rights. The federal courts have consistently held that the imposition of consecutive sentences does not violate the Sixth Amendment so long as the individual sentence for each count does not exceed the statutory maximum for the corresponding offense. See, e.g., United States v. Feola (C.A.2, 2001), 275 F.3d 216,220; United States v. McWaine (C.A.5, 2002), 290 F.3d 269, 275-276;United States v. Pressley (C.A.11, 2003), 345 F.3d 1205, 1213; UnitedStates v. Wingo (C.A.6, 2003), 76 Fed. Appx. 30; United States v.Sauceda (C.A.6, 2002), 46 Fed. Appx. 322. This court has agreed. See, e.g., State v. Macon, 10th Dist. No. 05AP-155, 2005-Ohio-4929; State v.Henderson, 10th Dist. No. 04AP-1212, 2005-Ohio-4970; Abdul-Mumin, supra;Imler, supra; Houston, supra; Satterwhite, supra; Smith, supra.
 {¶ 15} For all of the foregoing reasons, appellant's first assignment of error is not well-taken and is overruled.
 {¶ 16} In appellant's second assignment of error, he argues that the trial court erred in failing to make the findings required by R.C. 2929.14
to support its imposition of maximum and consecutive sentences. He also argues that his sentence is contrary to law and unsupported by the record. Again, though appellant does not include the argument as a specific assignment of error, he argues in his brief that his non-minimum sentences are contrary to law and are not supported by the record of the sentencing hearing. Because the parties have fully briefed that issue we will address it, notwithstanding appellant's violation of App.R. 16.
 {¶ 17} Section 2929.14(B) of the Ohio Revised Code provides:
Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 18} The Supreme Court of Ohio has held, "[p]ursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at paragraph two of the syllabus.
 {¶ 19} We note initially that appellant did not object to the prosecutor's recitation of the facts at the plea hearing, which included the fact that appellant had previously served a prison term. Therefore, appellant has admitted that he is not a "first offender" and thus not entitled to the statutory preference for the minimum sentence. Nonetheless, the trial court did make specific findings at the sentencing hearing that imposition of the shortest prison term would demean the seriousness of the offense and would not adequately protect the public from future crimes. (Tr., 23.) Accordingly, the imposition of non-minimum sentences upon appellant is not contrary to law and will not be reversed.
 {¶ 20} We now turn to the issue of maximum sentences. Ohio's statutory scheme disfavors maximum sentences. State v. Edmonson (1999),86 Ohio St.3d 324, 325, 715 N.E.2d 131. Section 2929.14(C) of the Ohio Revised Code allows the trial court to impose the maximum prison term for an offense upon: (a) offenders who have committed the worst form of the offense; (b) those who pose the greatest likelihood of committing future crimes; (c) major drug offenders; and (d) repeat violent offenders. To support its imposition of maximum sentences, the trial court need only find that appellant falls into one of the above four categories. Statev. Clark, 10th Dist. No. 02AP-1312, 2003-Ohio-4136, ¶ 14, discretionary appeal not allowed, 100 Ohio St.3d 1509, 2003-Ohio-6161, 799 N.E.2d 187.
 {¶ 21} The court must, however, make the finding and state its reasons for imposing the maximum term, on the record at the sentencing hearing. R.C. 2929.19(B)(2)(d); Edmonson, supra at 328. "While the trial court is not required `to utter any magic or talismanic words, * * * it must be clear from the record that the court made the required findings.'"Clark, supra, at ¶ 15, quoting State v. White (1999),135 Ohio App.3d 481, 486, 734 N.E.2d 848.
 {¶ 22} To determine whether the trial court made the required statutory findings and explanations, we review the transcript of the sentencing hearing. Comer, supra, at ¶ 10. In the present case, the trial court made the requisite finding, and stated its reasons therefor, when it imposed the maximum sentence as to both counts. The court stated:
The court would reiterate, this crime occurred approximately two months after he was released from supervision by the Ohio Department of Rehabilitation and Corrections [sic], and the young age of the victim, just ten days after her seventh birthday is especially egregious. So therefore, the court finds that this is one of the worst forms of the offense and * * * the defendant poses the greatest likelihood of committing future crimes.
(Tr., 23.)
 {¶ 23} In our view, the court adequately stated its reasons supporting its findings that appellant committed the worst form of the offense and that he poses the greatest likelihood of committing future crimes, and the court's stated reasons are supported by the record. Thus, we cannot say that the imposition of maximum sentences is contrary to law or unsupported by the record, as appellant contends. Accordingly, we will not disturb the maximum sentences that appellant received.
 {¶ 24} Finally, we turn to the court's order that appellant serve his sentences consecutively. To impose consecutive sentences, a trial court must expressly find that: (1) consecutive sentences are necessary to protect the public from future crime or to punish the defendant; (2) that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger he poses to the public; and (3) either the defendant committed the offense while awaiting trial or sentencing or while under post-release control, or that the offenses were part of a course of conduct and the harm caused by the course of conduct is so great or unusual that no single prison term would adequately reflect the seriousness of his conduct, or the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4);Comer, supra, at paragraph one of the syllabus.
 {¶ 25} Section 2929.19(B)(2)(c) of the Ohio Revised Code provides:
The court shall impose a sentence and shall make a finding that gives it reasons for selecting the sentence imposed in any of the following circumstances:
* * *
(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]
 {¶ 26} In the present case, the state concedes that the court made no findings that would support the court's imposition of consecutive sentences. Upon our review of the transcript from the sentencing hearing, we agree. Thus, this case must be remanded for a new sentencing hearing.
 {¶ 27} For all of the foregoing reasons, appellant's second assignment of error is overruled with respect to the trial court's imposition of non-minimum sentences and maximum sentences, but is sustained with respect to the trial court's order that appellant serve his sentences consecutively.
 {¶ 28} In support of his third assignment of error, appellant argues that the trial court's classification of appellant as a sexual predator is not supported by sufficient evidence that appellant is likely to reoffend.
 {¶ 29} A sexual predator is defined as a "person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration — exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(4). Appellant does not dispute that a sexually oriented offense is involved in this case. Rather, appellant contends that no evidence was presented that appellant is likely to commit other sexually oriented offenses, and the evidence was therefore insufficient to establish that defendant is a sexual predator. The issue with which we are presented, then, is whether the evidence clearly and convincingly demonstrates that defendant is likely to re-offend.
 {¶ 30} In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(3).
 {¶ 31} An appellate court reviewing a finding that an appellant is a sexual predator must examine the record to determine whether the court had sufficient evidence before it to satisfy the clear and convincing standard. State v. Roundtree, 10th Dist. No. 02AP-203, 2002-Ohio-4900, ¶ 26; State v. Williams, 10th Dist. No. 02AP-35, 2002-Ohio-4503, ¶ 90. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122, 568 N.E.2d 1222. While clear and convincing evidence is "more than a preponderance of the evidence" it does not rise to the level of "evidence beyond a reasonable doubt." State v. Ingram
(1992), 82 Ohio App.3d 341, 346, 612 N.E.2d 454.
 {¶ 32} No requisite number of factors must be applicable before finding a defendant to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be relevant. State v. Austin (Nov. 2, 2000), 10th Dist. No. 00AP-184; Statev. Warman, 10th Dist. No. 03AP-216, 2003-Ohio-5035, ¶ 7. Even one or two statutory factors will suffice as long as the evidence of likely recidivism is clear and convincing. State v. Hardie (2001),141 Ohio App.3d 1, 5, 749 N.E.2d 792.
 {¶ 33} At appellant's sexual predator hearing, the trial court discussed each factor enumerated in R.C. 2950.09(B)(3). The court noted that appellant was, at the time, 36 years of age while his victim was, at the time of the offense, seven years of age. The court took note of appellant's prior criminal record, which includes no prior sexually oriented offenses, but does include a lengthy (nine-year) prison term following a robbery conviction. The court stated that the situation does not involve multiple victims, and that appellant does not appear to have any mental illness or mental disability. The court mentioned that the PSI contains a reference to Carolyn having stated that appellant had shown her a pornographic film, but that it did not appear that appellant used threats or displays of cruelty in perpetrating his offenses against Carolyn. Finally, the court noted that appellant had inappropriately touched Carolyn on more than one occasion, and characterized Carolyn's age as "extremely young[.]" Then, the court announced its finding that appellant is a sexual predator.
 {¶ 34} As we now turn to our review of the trial court's determination, we are reminded that the issue before the trial court was whether clear and convincing evidence supported the conclusion that appellant is "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Appellant insists that there is no evidence of same. He argues that, "[t]he only factors that the judge appears to have considered relevant are the age of the victim (seven years old) and apparent `multiple instances of touching.'" (Brief of Appellant, 17, quoting Tr., 19-20.)
 {¶ 35} We disagree. First, the trial court clearly believed that nearly all of the factors were relevant to its determination, as the court mentioned each and every statutory factor (except for the factor regarding the use of drugs and alcohol to impair the victim, found in R.C. 2950.09(B)(3)(e)) and indicated specifically whether, and to what extent, each factor was relevant.
 {¶ 36} Second, it was entirely proper for the court to consider appellant having inappropriately touched the victim on more than one occasion. In determining whether an offender is a sexual predator, the court can look at past behavior because past behavior is often an important indicator of future propensity. State v. Pennington (2002), 10th Dist. No. 01AP-657, discretionary appeal not allowed (2002),95 Ohio St.3d 1460, 2002-Ohio-2230, 767 N.E.2d 1178; State v. Lewis
(Mar. 13, 2001) 10th Dist. No. 00AP-730, citing Kansas v. Hendricks
(1997), 521 U.S. 346, 358, 117 S.Ct. 2072, 138 L.Ed.2d 501.
 {¶ 37} In this case, the court found it particularly relevant that Carolyn was so young — just seven years old — at the time of appellant's offenses. It was entirely appropriate for the court to attribute great weight to this factor. We have previously stated:
The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
State v. Daniels (Feb. 24, 1998), 10th Dist. No. 97APA06-830, affirmed (1998), 84 Ohio St.3d 12, 701 N.E.2d 689. There is a "high potential of recidivism among sex offenders whose crimes involve the exploitation of young children." Ibid.
 {¶ 38} The court also properly took into account appellant's age and prior criminal record. "[A]n offender's age and prior criminal record are important factors to consider when determining an offender's risk of recidivism." State v. Stanley (July 12, 2001), 10th Dist. No. 00AP-1230, 2001 Ohio App. LEXIS 3125, at *5. Appellant's criminal record is relevant despite the fact that appellant had never before been convicted of a sexually oriented offense. The statute requires the court to consider alloffenses, and expressly declines to limit the court to consideration of only prior sexually oriented offenses. R.C. 2950.09(B)(2)(b). As the trial court noted, appellant was 36 years old at the time of his sexual predator hearing. Moreover, he had previously served a significant prison term for robbery. Yet, age and prior experience with the consequences of unlawful acts did not dissuade appellant from sexually abusing his niece.
 {¶ 39} Moreover, given the "deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children, the trial court could properly conclude that appellant's compulsion to commit these kinds of sexual offenses was deeply ingrained and that he was likely to re-offend." State v. Harden (Oct. 29, 1998), 10th Dist. No. 98AP-223, 1998 Ohio App. LEXIS 5337, at *7.
 {¶ 40} Sexual predator determinations are fact-specific and must be analyzed on a case-by-case basis. State v. Maser (Apr. 20, 1999), 10th
Dist. No. 98AP-689, discretionary appeal not allowed (2000),90 Ohio St.3d 1468, 738 N.E.2d 381. After carefully reviewing the record in this case, we find that the record sufficiently supports the trial court's conclusion that appellee has demonstrated, by clear and convincing evidence, that appellant is a sexual predator as defined in R.C. 2950.01(E). Accordingly, we overrule appellant's third assignment of error.
 {¶ 41} To summarize, we overrule appellant's first and third assignments of error, sustain in part and overrule in part appellant's second assignment of error, reverse in part and affirm in part the judgment of the Franklin County Court of Common Pleas, and remand this matter to that court for purposes of holding a new sentencing hearing.
Judgment affirmed in part; reversed in part, and cause remanded.
Bryant and Klatt, JJ., concur.
[1] Appellant's assignment of error only challenges the maximum and consecutive sentences. However, in his brief, he devotes part of his argument under this assignment of error to challenging the non-minimum character of his sentences on Blakely grounds. Pursuant to App.R. 12(A)(1)(b), this court is required to determine the appeal based upon the assignments of error set forth in the briefs. "This is procedurally necessary, as we are permitted to sustain or overrule only assignments of error and not mere arguments." In re Estate of Taris, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5. Despite the fact that appellant did not include in his stated assignments of error a Blakely challenge to his non-minimum sentences, we will address the merits of the argument because it has been fully developed by both parties in their respective briefs.