DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Ottawa County Court of Common Pleas.
 {¶ 2} On July 12, 2005, appellant, Dale L. Powell, pled guilty to two counts of attempted gross sexual imposition in violation of R.C. 2923.02(A)(1) and 2907.05(A)(4), felonies of the fourth degree; and one count of attempted compelling prostitution, in violation of R.C. 2923.02(A)(1) and2907.21(A)(2), also a felony of the fourth degree. In return, seven other counts in the indictment alleging various acts of illegal conduct with minors were dismissed.
 {¶ 3} After holding a hearing, examining a presentence investigation report ("PSI"), and considering an evaluation prepared for the purpose of determining whether appellant was a sexually-oriented offender who would be likely to commit future sexual offenses in the future, the trial court also declared that appellant was a sexual predator and a habitually sexually-oriented offender. On October 13, 2005, the court sentenced appellant to the maximum sentence of 18 months in prison on each of his convictions, and ordered these sentences to be served consecutively.
 {¶ 4} Appellant timely appeals the trial court's judgment and asserts the following assignments of error:
 {¶ 5} "The sentences imposed upon the Defendant were improper, excessive, not supported by the evidence or the criteria required by the statute to be considered at sentencing, and thus, the sentences are contrary to law, and unconstitutional as determined by the Ohio Supreme Court in State v. Foster,2006-Ohio-856 [sic].
 {¶ 6} "The Trial Court erred in finding the Defendant to be a Sexual Predator as the evidence did not support this finding by clear and convincing evidence."
 {¶ 7} For the following reasons, we find that appellant's first assignment of error has merit. Previously, trial judges could impose maximum and/or consecutive prison terms only if it made specific statutory findings, and the reasons for the findings on the record at the defendant's sentencing hearing. SeeState v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110; State v.Comer, 99 Ohio St.3d 463.
 {¶ 8} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, however, the Ohio Supreme Court held that judicial findings are unconstitutional and that several provisions of Senate Bill 2 are unconstitutional. Id., ¶ 82. As a result, the court concluded, that a trial court is no longer required to make findings or give its reasons for imposing maximum or consecutive sentences. Id., ¶ 97. The Foster holding applies to all cases on direct review. Id., ¶ 104.
 {¶ 9} In the present case, a review of the sentencing hearing that the court below made the requisite findings for the imposition of maximum and consecutive sentences and provided reasons for those findings. Thus, due to the fact that the lower court relied on unconstitutional statutes when imposing sentence upon appellant, his sentence is deemed void, must be vacated, and this cause must be remanded to the trial court for a new sentencing hearing. Foster, ¶ 103 and 104. Accordingly, appellant's first assignment of error is found well-taken.
 {¶ 10} In his second assignment of error, appellant argues that the trial court erred in classifying him as a sexual predator. We cannot agree.
 {¶ 11} Any "person who is convicted of or pleads guilty to * * * a sexually oriented offense may be classified as a sexual predator." R.C. 2950.09(A). Attempted gross sexual imposition is a sexually oriented offense. R.C. 2950.01(D)(1)(a). Attempted compelling prostitution of minor is also a sexually oriented offense. R.C. 2950.01(D)(1)(b)(ii). A "sexual predator" is defined as a "person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). Gross sexual imposition and compelling prostitution of a minor are not "registration-exempt sexually oriented offense[s]." R.C. 2950.01 (P)(1) and (Q)(1).
 {¶ 12} In making a determination of whether a defendant is a sexual predator, a judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 13} "(a) The offender's age * * *;
 {¶ 14} "(b) The offender's * * * prior criminal * * * record * * * regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 15} "(c) The age of the victim * * *;
 {¶ 16} "(d) Whether the sexually oriented offense * * * involved multiple victims;
 {¶ 17} "(e) Whether the offender * * * used drugs or alcohol to impair the victim * * *
 {¶ 18} or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender * * * has been convicted of or pleaded guilty to * * *
 {¶ 20} criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act * * *;
 {¶ 21} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 22} "(h) The nature of the offender's * * * sexual conduct * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 23} "(i) Whether the offender * * * during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 24} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C. 2950.09(B)(3).
 {¶ 25} R.C. 2950.09(B)(4) provides that after reviewing all of the testimony and evidence offered at the hearing, a "court shall determine by clear and convincing evidence whether the offender is a sexual predator." Clear and convincing evidence is that degree of proof that is more than a preponderance of the evidence, but is not the higher degree of certainty of "beyond a reasonable doubt" required in criminal cases. Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus. Clear and convincing evidence produces in the mind of the trier of fact "a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 26} Nevertheless, the evidence rules do not strictly apply to sexual predator hearings. State v. Cook, 83 Ohio St.3d 404,425, 1998-Ohio-291. Under Cook, a court may rely on reliable hearsay, such as a PSI, when making its sexual predator determination. Id. In addition, even in a case where only one or two statutory factors are present, the court may find the offender to be a sexual predator if "the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense."State v. Randall (2001), 141 Ohio App.3d 160, 166. (Citation omitted.)
 {¶ 27} The Cook court also held that R.C. Chapter 2950 is remedial in nature and not punitive. Id. at 413. Therefore, appellate review of a trial court's sexual predator determination is conducted by applying the civil manifest weight standard.Cook, at 426; State v. Ewers, 6th Dist. No. E-04-047,2005-Ohio-5024, ¶ 22. Under civil law, judgments that are "supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris v. Foley Constr. Co. (1978),54 Ohio St.2d 279, paragraph one of the syllabus. Thus, this court will uphold the trial court's sexual predator determination if there is clear and convincing evidence supporting that determination.Ewers, ¶ 22.
 {¶ 28} Appellant first claims that because the psychologist who evaluated him for the purpose of classification as a sexual predator lacked the evidence to provide an opinion that appellant was more likely than not to commit a sexual offense in the future, the court should have continued the sexual predator hearing for a "follow-up evaluation by the expert." Apparently, appellant believes that because the court below rejected the psychologist's conclusion, that court impermissibly relied solely on the facts arising from the underlying offense to classify him as a sexual predator. Appellant cites State v. Baughman (May 4, 1999), 10th Dist. No. 98-AP-929,[1] to support this allegation.
 {¶ 29} Even though we agree that, in Baughman, the Tenth Appellate District did hold that a defendant who committed a sexual offense could never be found to be a sexual predator solely on the facts of the underlying offense, we must reject appellant's argument for five reasons. First, the Baughman
court applied the higher criminal manifest weight of the evidence standard in making its decision. Second, the Tenth Appellate District later limited the holding in Baughman to the unique facts of that case.
 {¶ 30} State v. Kirkland, 10th Dist. No. 04AP-654,2005-Ohio-1123, ¶ 13. (Citations omitted.) Third, pursuant to R.C. 2950.09(B)(2), appellant was offered an opportunity to produce additional evidence at the sexual predator hearing and declined to do so. Fourth, the trial court did not rely solely on the facts of the charged sexual offenses in making its decision. The court also had the PSI and psychological evaluation before it. Fifth, the mental health professional who evaluated appellant for the purpose of determining his classification as a sexual predator did not have the advantage of considering the PSI, which was filed after he submitted his evaluation.[2] That report contained appellant's criminal record and revealed that, inter alia, in 1992, appellant was convicted on one count of gross sexual imposition, a felony of the fourth degree, and sentenced to 18 months in prison.
 {¶ 31} Appellant further contends the trial judge should not have considered alleged prior sexually oriented acts committed by appellant that were not charged or were dismissed and, therefore, did not result in a conviction. However, a number of appellate courts have found that evidence of uncharged sexual conduct and/or sexual contact is admissible at a sexual predator hearing. State v. Austin, 138 Ohio App.3d 547, 2000-Ohio-1728;State v. Baron, 8th Dist. No. 80712, 2002-Ohio-4588; State v.Bolser, 2d Dist. No. CA2002-02-034, 2003-Ohio-1231, ¶ 16; Statev. Pryce (June 28, 2000), 9th Dist. No. 19888; State v.McGavin (Feb. 16, 1999), 12th Dist. No. CA98-08-92; State v.Bedinghaus (July 31, 1998), 1st Dist. No. C-970833. Moreover, some of the incidents related by the trial court were charged sexual offenses in the original indictment.
 {¶ 32} Appellant also argues that the trial court made factually incorrect findings on the issues of his lack of remorse and "a prior extensive history of sexually oriented offenses." After a thorough review of the record in this cause and the common pleas court's judgment entry classifying appellant as a sexual predator, we must find that these contentions lack merit.
 {¶ 33} In his handwritten description of the events that led to one of his convictions, appellant essentially places the blame on the underage females that were his victims in this cause by setting forth alleged facts indicating that they enticed him into committing the offenses. He subsequently writes that it is his drinking problem and mental health issues that make him "out of control" and says, "I'm sorry for both." In his judgment entry, the common pleas judge states that appellant showed a lack ofgenuine remorse. Considering the fact that appellant places the blame for his conduct on his victims, alcohol consumption, and drugs, we must accede with the trial court in finding that appellant failed to show any genuine remorse.
 {¶ 34} As for the allegedly incorrect finding that appellant has an extensive history of sexual offenses, the PSI report lists his history of criminal offenses. A review of this report supports the trial court's finding. The offenses include the 1992 felony conviction on one count of gross sexual imposition, as reduced from attempted rape. A 1996 conviction for public indecency stemming from an incident where appellant "exposed himself" to an employee working at the drive-through window of a fast food restaurant. Additionally, in 1996, appellant had a second conviction for contributing to the unruliness of a minor. In that case, appellant and a "friend" spent the night in a motel with two juvenile females, and supplied them with "speed" and alcohol. Although it was not a charged offense, one of the victims reported that appellant had oral sex with her. In 1998, appellant was convicted on one count of contributing to the delinquency of a minor. Appellant also supplied alcohol to the minors in that criminal case. Consequently, we find no error in the disputed findings.
 {¶ 35} We shall now address the question of whether the trial court's judgment classifying appellant as a sexual predator is against the manifest weight of the evidence. In addition to appellant's criminal history involving sexually oriented activities, the following facts are relevant to the factors considered in determining whether appellant is a sexual predator.
 {¶ 36} At the time of the charged offenses appellant was 47 years old. The record reveals that at 7:00 a.m. on September 10, 2003, appellant went to a residence near his home, ostensibly to speak with the victim's stepfather. The only person awake at that time was the victim, a female who was under the age of 13. As the girl was getting ready for school, appellant, who was seated in a chair in the living room, asked her to lean over so that he could see her breasts. He also made three attempts to touch her breasts, but she thwarted these attempts. While appellant exposed himself and masturbated, he asked the girl if he could "look and fantasize." The victim left the room and when she returned, appellant was no longer exposed.
 {¶ 37} On September 11, 2003, appellant was in the living room of a residence consuming alcohol with the female victim's stepfather. The victim was less than 13 years of age at the time. When the victim went into the kitchen, he followed her and "grabbed her butt." On his return to the living room, appellant again "grabbed" the victim's buttocks. On September 12, 2003, appellant followed one of the juvenile female victims who was the focus of a prior sexual abuse incident to her bus stop and solicited her for sexual activity.
 {¶ 38} Based upon the foregoing facts, as well as those in the record of this cause, we find that the trial court's classification of appellant as a sexual predator is supported by clear and convincing evidence, and, therefore, appellant's second assignment of error is found not well-taken.
 {¶ 39} On consideration whereof, the trial court's judgment is affirmed, in part, and reversed, in part. This cause is remanded to the Ottawa County Court of Common Pleas solely for purpose of resentencing appellant under current law. Appellant and appellee are ordered to pay the costs of this appeal in equal shares pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Singer, P.J., Parish, J. Concur.
[1] Appellant also cites State v. Ward (1999)130 Ohio App.3d 551 in support of this argument. However, in Ward, there was no evidence of a prior conviction, and there was no evidence to show that the trial court considered the contents of a PSI. Id. at 562.
[2] Appellant relies on allegations in a "Police Report" cited by the psychologist to assert that he had a copy of the PSI at the time that he formulated his evaluation. Based upon the fact that the evaluation is dated August 9, 2005 and the PSI is dated August 24, 2005, we must differ.