OPINION
{¶ 1} Defendant-appellant, James H. Chapmyn ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. 2950.09.
 {¶ 2} Appellant was indicted on March 17, 2006, for two counts of rape in violation of R.C. 2907.02, two counts of sexual battery in violation of R.C. 2907.03, and two counts of gross sexual imposition in violation of R.C. 2907.05. The indictment was based on allegations from three young boys, ages 15, ten and nine, that were placed in *Page 2 
appellant's care through Franklin County Children Services. According to the pre-sentence investigation ("PSI"), the 15-year-old alleged that appellant performed fellatio on him 20 to 25 times between October 2004 and May 2005. The ten-year-old alleged appellant fondled his penis and masturbated in front of him, and that appellant engaged in anal intercourse with him approximately 15 times between June 2004 and July 2005. The ten-year-old also alleged appellant showed him "nasty movies." The nine-year-old alleged that appellant masturbated him four to six times between June 2005 and August 2005. The nine-year-old also alleged appellant showed him pornographic materials.
 {¶ 3} On January 29, 2007, appellant entered an Alford plea[1] to one count of importuning, as an amendment of one of the sexual battery counts. A nolle prosequi was entered for the remaining counts. Subsequently, the trial court ordered a PSI. A sentencing hearing was held on March 16, 2007, at which time the trial court found appellant to be a sexual predator pursuant to R.C. 2950.09(B)(2), and sentenced appellant to 18-month's imprisonment.
 {¶ 4} This appeal followed, and appellant brings the following three assignments of error for our review:
 ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT FOUND APPELLANT TO BE A SEXUAL PREDATOR. *Page 3 
 ASSIGNMENT OF ERROR NO. 2:
 A TRIAL COURT ABUSES ITS DISCRETION IN DECLARING AN APPELLANT A SEXUAL PREDATOR WHERE IT NEGLECTS TO ADDRESS THE LIKELIHOOD OF RECIDIVISM, IN CONTRAVENTION OF STATE OF OHIO V. EPPINGER
(2001), 91 OHIO ST.3D 158.
 ASSIGNMENT OF ERROR NO. 3:
 A TRIAL COURT ABUSES ITS DISCRETION AND VIOLATES AN APPELLANT'S FIFTH AMENDEMENT DUE PROCESS RIGHTS WHEN IT CONSIDERS THE APPELLANT'S UNCONVICTED AND DISPUTED CONDUCT IN FINDING APPELLANT TO BE A SEXUAL PREDATOR.
 {¶ 5} Because they are interrelated and all relate to the trial court's classification of appellant as a sexual predator, we will address the three stated assignments of error together.
 {¶ 6} R.C. Chapter 2950 defines three classifications of sex offenders: sexually oriented offenders, habitual sexual offenders, and sexual predators. Relevant to the matter at hand is the classification of appellant to be a sexual predator. In order for an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E); State v.Williams (2000), 88 Ohio St.3d 513, 518-519.
 {¶ 7} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v.Ledford (1954), *Page 4 161 Ohio St. 469, 477. An appellate court reviewing a finding that a defendant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Abdullah, Franklin App. No. 05AP-1316,2005-Ohio-5412, ¶ 39, citing State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, ¶ 90, citing State v. Keffe (Sept. 21, 2000), Franklin App. No. 00AP-118.
 {¶ 8} As recently discussed by the Supreme Court of Ohio, sex-offender classification proceedings under R.C. 2950.09 are civil in nature.State v. Wilson, 113 Ohio St.3d 382, 390, 2007-Ohio-2202. Therefore, "a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence." Id. Under this standard, a reviewing court has an obligation to presume that the findings of the trier of fact are correct. Id. at 287, citing Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80-81.
 {¶ 9} In making a sexual predator determination, the trial court must consider "all relevant factors, including, but not limited to," the factors enumerated in R.C. 2950.09(B)(3). State v. Eppinger (2001),91 Ohio St.3d 158. The factors contained in R.C. 2950.09(B)(3) are:
 (a) The offender's or delinquent child's age;
 (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made; *Page 5 
 (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender or delinquent child;
 (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 10} No requisite number of factors must be applicable before finding a defendant to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be relevant. State v. Jackson, Franklin App. No. 05AP-101,2005-Ohio-5094, at ¶ 32, citing State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184. See, also, State v. Hill, Franklin App. No. 06AP-300, 2006-Ohio- *Page 6 
5524, at ¶ 6. Even one or two factors will suffice as long as the evidence of likely recidivism is clear and convincing. Jackson, at ¶ 31, citing State v. Hardie (2001), 141 Ohio App.3d 1.
 {¶ 11} The only evidence submitted at appellant's sexual predator hearing was a PSI, which included statements from appellant and the victims. The Supreme Court of Ohio has held that a PSI is reliable hearsay and that a trial court may rely on a PSI in making a sexual predator determination. State v. Cook (1998), 83 Ohio St.3d 404, 425;Hill, supra, at ¶ 7. In addition to admitting the PSI, the trial court permitted oral argument by both the prosecutor and defense counsel and gave appellant an opportunity to speak on his own behalf.
 {¶ 12} At the hearing, the trial court noted that it considered the PSI, the victim impact statements, and appellant's sentencing memorandum. After hearing the arguments of counsel, the trial court stated, "[a]s you all know, pursuant to 2950.09 of the Ohio Revised Code, it says, and I quote, `In making the determination whether an offender is a sexual predator, the Judge shall' — that's mandatory language — `consider all relevant factors, including, but not limited to, the following:' * * *" (Mar. 16, 2007 Tr. at 13.) The trial court then proceeded to consider the factors enumerated in R.C. 2950.09(B)(3). In particular, the trial court noted the age of the victims, that the charges concerned multiple victims, the possibility of mental illness or mental disability, appellant's position of trust with respect to the victims, and the pattern of abuse described by the victims. The court then announced its finding that appellant is a sexual predator.
 {¶ 13} In the matter at hand, appellant contends the trial court erred in considering a prior sexual offense for which appellant did not have a coonviction, and by failing to *Page 7 
consider whether he is likely to re-offend in the future. By definition, a sexual predator is one who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to re-offend in the future. The sexual predator statute sets forth criteria to be considered when making a sexual predator determination. The trial court's entry, and the transcript, both reflect the trial court's consideration of the requisite factors. Thus, by considering the requisite factors, the trial court was considering appellant's likelihood to re-offend.
 {¶ 14} Appellant also argues that the trial court erred in considering a prior sexual offense that appellant did not have. In support of his argument, appellant directs us to the following:
 So based on the criteria that I've already outlined in .09 of the Code, that is, the age of the victims, the multiple defendants [sic], the position of trust, and a sexual offense, I find that the defendant is a sexual predator. * * *
(Mar. 16, 2007 Tr. at 24.)
 {¶ 15} Upon review of the entire transcript, however, it is clear that the offense to which the trial court is referring is that offense to which appellant entered an Alford plea. The transcript reveals the following:
 [The Court]: * * * He does have some charges pending in Municipal Court, but I believe that is a minor misdemeanor.
 * * *
 [The Court]: So far as the prior record is concerned, I believe, other than traffic, he has none.
 * * *
 [Appellant's Counsel]: I would also indicate, Your Honor, that he has no prior criminal offenses, other than the traffic offense *Page 8 
that you referenced. And I also believe you mentioned that there is something pending, and it's my understanding that —
 [The Court]: That's a minor misdemeanor in Municipal Court. I don't think that's a big concern. I simply mentioned it because it arose in the PSI.
 All right.
 [Appellant's Counsel]: I just want the record to be clear that he has no criminal — prior criminal history anywhere.
 [The Court]: I do not question that.
(Mar. 16, 2007 Tr. at 2-7.)
 {¶ 16} The record is clear that the trial court was aware that other than traffic violations, appellant did not have any prior criminal offenses on his record. As stated previously, to be determined a sexual predator, one must have been convicted of, or pleaded guilty to committing a sexually oriented offense. Upon review of the record, when taken in context, it is apparent to this court that the trial court was referring to the sexually oriented offense to which appellant entered an Alford plea, and which is necessary for a sexual predator determination, and was not considering a prior offense that did not exist.
 {¶ 17} Lastly, appellant contends it was error to consider the alleged facts of the charges that were dismissed. The trial court relied on the information contained in the PSI that concerned allegations of the underlying charges. As previously discussed, the Rules of Evidence do not strictly apply to sexual offender classification hearings, and therefore, reliable hearsay, such as that contained in a PSI may be relied upon by the trial court. Cook, supra; Hill, supra; State v.Mullins (Apr. 12, 2001), Franklin App. No. 00AP-775. Secondly, as this court has previously held, "R.C. Chapter 2950 does not contain a *Page 9 
prohibition against being adjudicated a sexual predator based solely on the facts arising from the underlying offense. `Those facts alone are not always sufficient to support a sexual predator finding, but sometimes * * * they are.'" State v. Vance, Franklin App. No. 06AP-1016,2007-Ohio-4407, at ¶ 99, quoting State v. Davis (Aug. 10, 2000), Franklin App. No. 00AP-12, quoting State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553. The trial court may base a sexual offender classification determination solely upon the facts recounted by the prosecution at the guilty plea hearing, even where the guilty plea of the defendant is made under the principles announced in Alford, supra.Mullins, supra. In other words, "hearsay statements contained in the prosecution's recitation of facts are no less reliable because appellant entered an Alford plea." Id.
 {¶ 18} Finally, and perhaps most pertinent to the case sub judice, this court has held that "when considering whether [a defendant] should be adjudicated a sexual predator, the trial court could consider evidence aside from that related exclusively to the crimes for which he was convicted." State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 53, citing Cook, supra. In Raver, the defendant was charged with multiple incidents of sexual misconduct involving his two stepdaughters, M. and C. The jury returned a verdict of not guilty of the four counts involving M., but guilty as to two counts of gross sexual imposition regarding C. This court stated, that when considering whether appellant should be adjudicated a sexual predator, the trial court "could consider M.'s accusations that [the defendant] had molested her on multiple occasions, even though the jury did not find this sufficient to convict [the defendant] on the charges involving M." Id. at ¶ 53. See, also, Vance, at ¶ 106; State v. Messer, Franklin App. No. 03AP-169, 2004-Ohio-2127, at ¶ 24 (recognizing that this and other appellate courts have found that *Page 10 
statements that the defendant committed other uncharged sexual acts is admissible at a sexual predator hearing); State v. Powell, Ottawa App. No. OT-05-054, 2006-Ohio-6184; State v. Baron, Cuyahoga App. No. 80712, 2002-Ohio-4588; State v. Bolser, Butler App. No. CA2002-02-034, 2003-Ohio-1231; State v. Pryce (June 28, 2000), Summit App. No. 19888;State v. Leonard (June 21, 2001), Franklin App. No. 00AP-1229. Based on the foregoing, we find no error in the trial court's reliance on the PSI and the information contained therein.
 {¶ 19} At the sexual predator classification hearing, the trial court noted appellant's age, as well as the ages of the three minor children involved. The age of the victim is probative because it serves a telling indicator of the depths of the offender's inability to refrain from such illegal conduct. State v. Jackson, Franklin App. No. 05AP-101,2005-Ohio-5094, at ¶ 37, citing State v. Daniels (Feb. 24, 1998), Franklin App. No. 07AP-830. "There is a `high potential of recidivism among sexual offenders whose crimes involve the exploitation of young children.'" Id. The trial court also discussed the pattern of repeated abuse alleged, which is also highly probative in determining whether an individual is likely to re-offend. Messer, supra, at ¶ 14, citingState v. Bartis (Dec. 9, 1997), Franklin App. No. 97AP-600. Additionally, the commission of multiple sex offenses over a period of time could be taken to demonstrate that a defendant suffers from a compulsion which will drive the defendant in the future to commit similar sexual offenses. Raver, supra, at ¶ 53 (holding that the trial court could consider accusations that the defendant molested the victim on multiple occasions even though the jury found the defendant not guilty with respect to the victim). Further, courts consider whether the offender occupies a position of trust or authority over the victim.Powell, at ¶ 17, citing State v. Carter (Aug. 9, 2001), *Page 11 
Franklin App. No. 00AP-1365 (defendant's taking advantage of a position of trust is another factor in support of the sexual predator finding). Appellant clearly occupied a position of trust or authority over the victims in his role as a foster parent.
 {¶ 20} After carefully reviewing the record in this case, we find that the record sufficiently supports the trial court's conclusion that appellee has demonstrated by clear and convincing evidence that appellant is a sexual predator as defined in R.C. 2950.01(E). Accordingly, we overrule appellant's three assignments of error.
 {¶ 21} For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
SADLER, P.J., and TYACK, J., concur.
[1] In North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, the United States Supreme Court held that, under certain circumstances, a defendant may plead guilty to an offense despite continued protestations of innocence, which has become commonly known as an "Alford plea." Thus, it has been held that an Alford plea is "merely a species of guilty plea." State v. Carter (1997), 124 Ohio App.3d 423, 429. *Page 1