OPINION
{¶ 1} James C. Mosley, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court denied his motion for leave to file a delayed motion for new trial.
 {¶ 2} Pursuant to a bench trial, appellant was convicted on ten counts of rape, violations of R.C. 2907.02 and felonies of the first degree; five counts of gross sexual imposition, violations of R.C. 2907.05 and felonies of the fourth degree; five counts of sexual battery, violations of R.C. 2907.03 and felonies of the third degree; and one count *Page 2 
of kidnapping, a violation of R.C. 2905.01 and a felony of the first degree. The crimes took place between June 2001 and December 2004. The victim of the crimes was appellant's natural daughter, who was born April 21, 1987. In its June 10, 2005 judgment, the court imposed a sentence of five years on each of the ten counts of rape, and 12 months on each count of gross sexual imposition. The first four counts of rape were ordered to be served consecutively to each other, and all other counts were ordered to be served concurrently with the first four counts of rape, for a total of 20 years in prison. Appellant was also declared a sexual predator. This court affirmed the judgment in State v.Mosley, Franklin App. No. 05AP-701, 2006-Ohio-3102.
 {¶ 3} On August 31, 2007, appellant filed a motion for leave to file a delayed motion for new trial based upon newly discovered exculpatory evidence, including various documents from a juvenile custody file and two audiotapes and one videotape that were in the property room of the Columbus Police Department. On September 18, 2007, the trial court denied appellant's motion for leave to file a delayed motion for new trial in a single sentence journal entry. Appellant appeals the judgment, asserting the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY DENYING APPELLANT LEAVE TO FILE DELAYED MOTION FOR NEW TRIAL WITHOUT MAKING REQUISITE DETERMINATION AS TO WHETHER OR NOT APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERY OF NEW EVIDENCE.
 {¶ 4} Appellant argues in his assignment of error that the trial court abused its discretion when it denied his motion for leave to file a delayed motion for new trial without determining whether he was unavoidably prevented from discovering the alleged new *Page 3 
evidence. Specifically, appellant indicates that he is not contesting the underlying merits of his motion for leave, but is only asserting that the trial court failed to explicitly make a determination in its judgment as to whether he was unavoidably prevented from discovering certain evidence. Appellant maintains that the trial court's general denial of his motion, without further explanation, was insufficient.
Crim.R. 33(B) provides:
 (B) Motion for new trial; form, time
 Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 5} Thus, if a defendant fails to file a motion for a new trial based on newly discovered evidence within 120 days of the jury's verdict or court's decision, then he or she must seek leave from the trial court to file a delayed motion. Crim.R. 33(B); State v. Berry, Franklin App. No. 06AP-803, 2007-Ohio-2244, at ¶ 19. To obtain such leave, the defendant must demonstrate by clear and convincing proof that he or she was *Page 4 
unavoidably prevented from discovering the evidence within the 120 days of the court's decision. Id. A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence. State v. Walden (1984),19 Ohio App.3d 141, 145-146.
 {¶ 6} The standard of "clear and convincing evidence" is defined as that measure or degree of proof that is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. Ford v. Osborne (1887),45 Ohio St. 1, paragraph two of the syllabus.
 {¶ 7} We will not disturb a trial court's decision granting or denying a Crim.R. 33 motion for new trial absent an abuse of discretion.State v. Schiebel (1990), 55 Ohio St.3d 71, 76. The abuse of discretion standard of review also applies to Crim.R. 33(B) motions for leave to file a delayed motion for new trial. State v. Pinkerman (1993),88 Ohio App.3d 158, 160, citing State v. Wright (Mar. 31, 1992), Greene App. No. 90 CA 135. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. *Page 5 
 {¶ 8} In the present case, appellant's assignment of error addresses only whether the trial court was required to specifically indicate in its judgment whether appellant was unavoidably prevented from discovering the evidence upon which he relied in requesting a new trial. Although Crim.R. 33(B) does indicate that the court must issue "an order * * * finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period," there is no requirement, direct or implied, that a trial court explicitly find in its judgment that a defendant was not unavoidably prevented from discovering evidence. Our research also fails to find any authority requiring such. Although the better practice would be for a trial court to give some explanation of the basis for its decision in order to aid appellate review, given the trial court's general denial of appellant's motion for a delayed motion for new trial here, we must presume that the court found appellant had failed to demonstrate that he was unavoidably prevented from discovering the evidence relied upon in his motion. Therefore, insofar as appellant's specific assignment of error is concerned, we must overrule it.
 {¶ 9} Although appellant's assignment of error does not directly contest whether the trial court abused its discretion in denying his motion for a delayed motion for new trial, appellant does present some argument on the issue; thus, we will address the merits of the motion. As indicated above, in reviewing the trial court's refusal to grant leave to file a delayed motion for new trial, we must examine the record to determine whether appellant presented sufficient evidence to satisfy the "clear and convincing evidence" standard. Appellant contended in his motion that he was entitled to a new trial based upon allegedly exculpatory records obtained from Franklin County Children Services ("FCCS") and three exculpatory tapes (two audiotapes and one videotape) that were in *Page 6 
the possession of the Columbus Police Department but allegedly withheld from appellant. With regard to the FCCS records, appellant claims they demonstrate that the victim was not in his custody during the times alleged in the indictment and the times the victim testified the rapes occurred. However, appellant fails to present any clear and convincing evidence that he was unavoidably prevented from discovering this evidence in a timely fashion. The magistrate's orders and decision attached to appellant's motion for leave to file delayed motion for new trial were time-stamped by the Franklin County Clerk of Courts on February 8, 2002, November 19, 2002, and April 7, 2003. Thus, they were clearly available to appellant prior to his trial and long before his motion for a delayed motion for new trial. Further, as appellant was the father of the victim, appellant would have been served with these pleadings. It also is apparent that appellant was present for the proceedings upon which the November 19, 2002 decision was based. Therefore, appellant was not unavoidably prevented from discovering this evidence, and the trial court did not err when it denied appellant's motion for a delayed motion for new trial with respect to this evidence.
 {¶ 10} With regard to the three tapes in possession of the Columbus Police Department, appellant attached to his motion a letter from the Columbus Police Department Property Control Unit that indicated "the two microcassettes and one video tape" were being held for evidence in the property room. Appellant claimed in his motion that the three tapes "most likely" contained exculpatory evidence. Although appellant's motion does not make it clear, we gather from various other pleadings in the record that two of the tapes are audiotapes (one of a police interview with the victim in the hospital on December 11, 2004, and one of a police interview with state witness *Page 7 
Pamela Matthews), while the other tape is a videotaped police interview of appellant. However, appellant again fails to establish that he was unavoidably prevented from discovering the tapes.
 {¶ 11} With respect to the audiotape of the police interview with the victim, the trial transcript makes clear that the victim was cross-examined by defense counsel at trial using the informational summary of the police interview. Defense counsel cross-examined the victim regarding her discussion with the detective on December 11, 2004, asking, "Do you want me to show you an informational summary that might refresh your recollection?" Defense counsel also requested at trial, pursuant to Crim.R. 16(B)(1)(g), for "any interviews, other than the December 11, 2004 interview with Detective Leroy between [the victim] and Detective Leroy, that I can be provided with?" Further, defense counsel vigorously cross-examined the victim regarding statements made during her interview and specific portions of the informational summary. Therefore, it is apparent that, as of the time of trial, appellant was aware of the recorded interview, knew that a written summary had been prepared based upon the recorded interview, and knew the contents of the interview. Thus, he was not unavoidably prevented from discovering the evidence of the victim's audiotape within the 120-day period indicated in Crim.R. 33(B).
 {¶ 12} As for the audiotape of Matthews, appellant fails to explain why he was unavoidably prevented from discovering the audiotape in a timely manner. As indicated in the letter from the Columbus Police Department Property Control Unit attached to appellant's motion for a delayed motion for new trial, appellant sent a letter to the police department on March 5, 2007, asking whether the department was still in possession of the audiotape. Thus, it is apparent that appellant learned of the existence of this *Page 8 
evidence some time prior to March 5, 2007. Appellant fails to explain how and when he discovered the existence of the audiotape and why he was unavoidably prevented from discovering it within 120 days of the trial court's judgment, and his unsupported claim is insufficient. Clear and convincing proof that a defendant was unavoidably prevented from filing a motion for new trial requires more than a mere allegation. State v.Lee, Franklin App. No. 05AP-229, 2005-Ohio-6374, at ¶ 9, citingState v. Mathis (1999), 134 Ohio App.3d 77, 79. More significantly, during defense counsel's cross-examination of Matthews at trial, defense counsel referred numerous times to portions of Matthews' interview with a detective at the hospital on December 11, 2004, which presumably refers to the same interview on the audiotape at issue. Therefore, we find the record supports that appellant was aware of the Matthews audiotape interview, as well as its contents, as of the time of trial.
 {¶ 13} With respect to the videotaped interview of appellant, appellant was also not unavoidably prevented from discovering this evidence within the requisite period. Initially, as the videotape contained an interview of appellant, appellant was obviously aware of the recording and its contents as of the time of its making. Notwithstanding, at trial, appellant specifically testified that he had viewed a videotape of an interview he conducted with police and that his defense counsel had a copy of the videotape. Portions of the videotape were also played at trial. Although it is not fully clear, it appears that the videotape appellant referred to in his motion for a delayed motion for new trial is the same videotape appellant referred to and was played at trial. Therefore, we conclude that appellant knew of and had discovered the videotape and its contents within the 120-day period indicated in Crim.R. 33(B). For the foregoing reasons, we find *Page 9 
the trial court did not abuse its discretion when it denied appellant's motion for a delayed motion for new trial.
 {¶ 14} Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1