{¶ 12} I respectfully disagree with the majority's decision not to address the merits of appellant's appeal. I agree that appellant's assignment of error does not specifically assign as error the trial court's conclusion that the state was substantially justified in initiating the matter in controversy and, instead, assigns error only as to whether the court erred when it found special circumstances that preclude an award of attorney fees. However, appellant raised the issue of substantial justification as an issue presented for our review and argued the merits of the issue within his brief.
 {¶ 13} In other opinions, this court has noted that App. R. 12(A)(1)(b) requires us to determine an appeal based on the assignments of error set forth in the briefs. "This is procedurally necessary, as we are permitted to sustain or overrule only assignments of error and not mere arguments." In re Estate of Taris, Franklin App. No. 04AP-1264,2005-Ohio-1516, ¶ 5. Nevertheless, in many cases, even while recognizing an appellant's failure to specifically raise an issue in an assignment of error, this court has proceeded to *Page 6 
address the merits of the issue in the interest of justice. See, e.g.,State v. Mosley, Franklin App. No. 07AP-860, 2008-Ohio-951, ¶ 9;Robinson v. Kokosing Constr. Co., Franklin App. No. 05AP-770,2006-Ohio-1532, ¶ 7; State v. Jackson, Franklin App. No. 05AP-101,2005-Ohio-5094, fn.1. Here, in the interest of resolving this long-standing case on its merits, and recognizing appellant's identification of the issues presented for our review and the parties' full briefing of those issues, I would address the merits of appellant's appeal.
 {¶ 14} And on those merits, I would affirm the trial court's decision. Specifically, I would find that the trial court did not err in agreeing with the magistrate's decision that appellee had met its burden to prove that the matter was substantially justified and that special circumstances precluded the payment of fees under R.C. 2335.39. R.C. 2335.39(B) permits an appellate court to modify a court's grant or denial of attorney fees under that provision only if we find an abuse of discretion. I discern no abuse of discretion here.
 {¶ 15} First, I agree with the trial court's reading of this court's opinion in State ex rel. Richter v. State Med. Bd. of Ohio (June 15, 2000), Franklin App. No. 98AP-1640 (Memorandum Decision). That decision denied appellant's request for a writ of mandamus ordering appellee to provide, accept, and process his application to return to medical practice. Appellee had refused to send an application to appellant based on its 1996 order, which permanently revoked appellant's medical license. In denying appellant's request, this court found that appellant had an adequate remedy at law, i.e., declaratory relief, which made mandamus relief inappropriate. The court also stated that it was not clear that current law required appellee to provide and accept appellant's *Page 7 
application. Thus, as the trial court found, that opinion supports appellee's argument that its refusal to provide an application to appellant was substantially justified.
 {¶ 16} Second, I agree with the trial court's reading of this court's opinion in Richter v. State Med. Bd. of Ohio, 161 Ohio App.3d 606,2005-Ohio-2995, and the limited victory it awarded appellant. That decision reversed a trial court's denial of declaratory judgment following appellee's continued refusal to send an application form to appellant. On appeal, this court determined that the 1996 revocation did not necessarily preclude appellee from re-applying for a medical license, and we reversed the trial court's decision. We did not, however, suggest that appellee's contrary position was unjustified. Nor did we suggest that appellant should be granted a medical license. Rather, the only relief we granted to appellant was an order that appellee must send an application form to appellant and then accept and process it, if returned.
 {¶ 17} Finally, I agree with the trial court's recognition of the public policy concerns at issue. Appellee revoked appellant's license in 1996 because of drug-related offenses. The seriousness of the offenses, as well as the potential harm posed to the public from those offenses or their re-occurrence, supports the trial court's finding that special circumstances exist so as to preclude an award of attorney fees.
 {¶ 18} For all these reasons, I would affirm the trial court's decision denying attorney fees. Therefore, I concur in the majority's opinion, which affirmed the trial court's judgment on other grounds. *Page 1